T.C. Memo. 2002-39

UNITED STATES TAX COURT

ANDREW J. AND MARILYN WELCH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16459-99.                  Filed February 11, 2002.

<u>Douglas M. Edwards</u>, for petitioners.

<u>Rodney J. Bartlett</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Relating to Federal income tax deficiencies
that respondent determined against petitioners, respondent
determined against petitioners additions to tax for 1980, 1982,
and 1983 as follows:

| | Additions to Tax | | | |
|---|---|---|---|---|
| Year | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1980 | $60* | --- | --- | --- |
| 1982 | --- | $1,936 | ** | $9,682 |
| 1983 | --- | 40 | *** | --- |

    \* Based upon a claimed investment tax credit carryback from 1983.
  \*\* 50 percent of interest due on $38,726.
\*\*\* 50 percent of interest due on $805.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

After concessions, the remaining issue for decision is whether petitioners are liable for the above additions to tax for negligence under section 6653(a), (a)(1), and (a)(2), for 1980, 1982, and 1983.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Las Vegas, Nevada. Hereinafter, references to petitioner in the singular are to Andrew J. Welch.

During the years in issue, petitioner was a successful orthopedic surgeon practicing in Las Vegas, Nevada. During 1982 and 1983, petitioner's medical practice was particularly successful. Petitioner earned from his orthopedic practice $649,177 in 1982 and $1,027,000 in 1983.

In the late summer or early fall of 1982, petitioner's medical partner introduced petitioner to Gary Sheets (Sheets), an aggressive tax shelter promoter from Salt Lake City, Utah, who had induced a number of physicians practicing in the Las Vegas area to purchase interests in tax-sheltered limited partnerships.

In late 1982 and in 1983, petitioners purchased interests in a number of tax-sheltered limited partnerships that were being promoted by Sheets. On the basis of those investments, on petitioners' 1982 and 1983 joint Federal income tax returns petitioners claimed large paper tax losses that offset significantly the reported income from petitioner's medical practice.

The particular investment that is relevant to the negligence additions to tax at issue herein is Blythe Jojoba II Research, Ltd. (Blythe II), a jojoba research and development partnership promoted by Sheets.

In connection with their decision to invest in Blythe II, petitioners obtained from Sheets a prospectus describing Blythe II and containing the typical risk caveats associated with tax-sheltered limited partnership investments of the early 1980s. The prospectus alerted petitioners, as of 1982, to the lack of an established market for jojoba, to the lack of processing facilities for jojoba, to the high degree of risk associated with investments in the partnership, and to the fact that investors

should not invest unless they could "afford the total loss of their investment".

The prospectus contained five pages of warnings of material tax risks associated with investments in Blythe II, and the prospectus urged investors to consult a tax adviser, as well as independent counsel.

In spite of the risks identified in the prospectus, petitioners did not consult, in any diligent way, with an independent, professional tax or legal adviser. Petitioner spoke over the telephone with W. Larry Swecker (Swecker), his tax accountant, with relatives, and with friends. Swecker made nothing more than a cursory review of the Blythe II prospectus and the tax law.

Petitioners did not make any meaningful study of the proposed investment. Petitioners never visited the Blythe II jojoba farm before making an investment decision, even though petitioners acknowledged visiting on a number of occasions the locale in which the farm was located.

In spite of the many risks and warnings, in December of 1982, petitioners invested $40,000 in cash in Blythe II, and petitioners signed a $95,680 promissory note associated therewith.

In 1982 and 1983, petitioners paid a total of only $39,170 and $50,000, respectively, in estimated and withheld Federal income taxes.

On petitioners' jointly filed Federal income tax returns for 1982 and 1983, petitioners reported $649,177 and $1,027,000 in income from petitioner's medical practice, and petitioners claimed net losses of $575,171 and $671,937, respectively, relating to petitioners' various tax-sheltered partnership investments, including losses relating to Blythe II of $83,732 and $4,024, respectively, for those years.

On audit, respondent disallowed the claimed losses relating to petitioners' investment in Blythe II.  William G. Kellen, the tax matters partner of Blythe II, initiated a proceeding under the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 648, and signed a stipulation to be bound by the decision entered in Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6 (Utah I).

As a result of the final resolution of Utah I (wherein claimed section 174 research and experimental expenses and losses similar to those claimed by Blythe II were disallowed), the tax deficiencies relating to petitioners' investment in Blythe II are conceded by petitioners.

OPINION

Under section 6653(a), (a)(1), and (a)(2), an addition to tax is imposed on the portion of an underpayment of tax attributable to a taxpayer's negligence equal to 5 percent of the underpayment plus 50 percent of the interest due thereon under section 6601.

Negligence is generally described as the failure to use due care or to do what a reasonable and ordinarily prudent person would do under the circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); Laverne v. Commissioner, 94 T.C. 637, 652 (1990), affd. without published opinion 956 F.2d 274 (9th Cir. 1992), affd. without published opinion sub nom. Cowles v. Commissioner, 949 F.2d 401 (10th Cir. 1991).

Good faith reliance on the advice of a tax professional may indicate that a taxpayer was not negligent. Allen v. Commissioner, supra at 353-354; Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. T.C. Memo. 1987-217. Reliance on the advice of a tax professional may not be reasonable where the professional had no firsthand knowledge of the proposed investment and where the professional only made a cursory review of the proposed investment. Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir. 1996), affg. T.C. Memo. 1994-217; Collins v. Commissioner, supra at 1386.

The Court of Appeals for the Ninth Circuit has stated that whether a taxpayer is to be treated as negligent under section 6653(a), (a)(1), and (a)(2), may be affected by "the legitimacy of the underlying investment". Sacks v. Commissioner, supra at 920.

Respondent's determination of the negligence addition to tax is presumptively correct, and the burden is on the taxpayer to prove that the taxpayer's underpayment of tax was not due to negligence. Allen v. Commissioner, supra at 353; Laverne v. Commissioner, supra at 652.

On the facts of this case, we conclude that petitioners did not exercise due care and were negligent in making an investment in Blythe II. Petitioners did not adequately consider the risks associated with an investment in Blythe II. Petitioners did not inspect the land which was to be used by the partnership. Petitioners did not confer with experts in any credible manner with regard to the investment. The review of the investment by petitioners' tax accountant was so superficial as to be worthless.

Aspects of petitioner's testimony are suspect. Dates are missing from documents. Third parties who purportedly advised petitioner did not testify.

The lack of legitimacy of the underlying activity relating to the Blythe II partnership is indicated by our opinion in

Utah I, supra, the test case, and by our opinions in Christensen v. Commissioner, T.C. Memo. 2001-185, Serfustini v. Commissioner, T.C. Memo. 2001-183, and Nilsen v. Commissioner, T.C. Memo. 2001-163, in each of which we upheld negligence additions to tax relating to investments in Blythe II. No credible evidence in this case provides any legitimacy to petitioners' investment in the Blythe II partnership.

In light of the above, for each year in issue petitioners are liable for the negligence addition to tax under section 6653(a), (a)(1), and (a)(2).

To reflect the foregoing,

Decision will be entered for respondent.